UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHUNYU JEAN WANG,

           Plaintiff,

-against-

ALEX VAHLDIECK,
Shield No. 12022, individually
and in his official capacity as a New York City
Police Officer,

           Defendant.
----------------------------------------X

Case No. 09 3783

COMPLAINT

JURY TRIAL DEMANDED

ROSS, J.

POHORELSKY, M.J.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, CHUNYU JEAN WANG, seeks relief for the defendant' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and for rights secured under the laws and Constitution of the State of New York.

2. Mrs. Wang alleges that on September 27, 2006, at approximately 8:50 A.M. on Main Street between 38th Ave. and 37th Ave. in Flushing New York, she was falsely arrested by New York City Police Officers Alex Vahldieck ("Vahldieck") and Mike Russo ("Russo") for inter alia, tinted windows on the minivan she was driving.

3. Mrs. Wang further alleges that the New York City Police Officer lieutenant-on-duty at the time of Mrs. Wang's arrest ordered that she remain under arrest and ordered the search of Mrs. Wang's body to fish for more charges to pin on Mrs. Wang.

4. Mrs. Wang further alleges that New York City Police Officer Fagan ("FAGAN")

obtained Mrs. Wang's driver's license from Defendant Vahldieck and photocopied Mrs. Wang's driver's license and placed the photocopy in Fagan's own pocket.

5. Mrs. Wang further alleges that her arrest and subsequent imprisonment for over 24 hours, unlawful search and seizure, and excessive force were without probable cause or any legal or lawful justification.

6. Mrs. Wang further contends that defendant Bloomberg, Kelly, the City of New York (the "City") and the New York City Police Department ("NYPD") are individually, jointly and severally liable for those violations of Mrs. Wang's federal and state common law rights in that Defendant Bloomberg, Kelly and the City have: (1) tolerated, condoned, and encouraged a pattern of false arrest, false imprisonment, and excessive force by members of the NYPD against New York City residents; (2) failed to properly and adequately monitor and investigate such incidents and to supervise and discipline the officers involved; and (3) created an atmosphere and culture in which officers do not have to show probable cause before arresting a person so that such a practice will often lead to false arrest and false imprisonment such as occurred in Mrs. Wang's case.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) and (4) (civil rights jurisdiction).

8. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

9. Plaintiff demand a trial by jury on each and every one of their claims as pled herein.

10. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 29 U.S.C. § 621 et. Seq., and 28 U.S.C. §1391 (a), (b) and (c) because a substantial part of the acts or omissions giving rise to the claims herein occurred in the County of Queens, State of New York.

## PARTIES

11. The plaintiff, CHUNYU JEAN WANG, is a U.S. citizen, and is and was at all times relevant herein residing in the Borough of Queens, County of Queens, State of New York.

12. The defendant, NEW YORK CITY POLICE OFFICER ALEX VAHLDIECK, Shield No. 12022, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"), 109 Police Precinct, a municipal agency of the City Of New York. Defendant NEW YORK CITY POLICE OFFICER ALEX VAHLDIECK is sued individually and in his official capacity.

13. At all times relevant herein, the individual defendant herein were acting under the color of state law in the course of scope of their duties and functions as agents, servants, employees and officers of the NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## FACTS

14. On September 27, 2006 at approximately 8:50 A.M., Mrs. Wang was driving down Main Street between 38th Avenue and 37th Ave. in Flushing, New York to her office at 36-25 Main St. A police car had stopped another vehicle in front of Citibank and Defendant Alex

Vahldieck and Defendant Mike Russo were standing to each side of the stopped vehicle.

15. While Mrs. Wang was waiting for the green light at the corner of Main St. and 38th Ave., Mrs. Wang looked over at Defendant Vahldieck and Defendant Vahldieck, whom then looked at her. Mrs. Wang looked away and Defendant Vahldieck walked away from the driver's side of the car he had pulled over and approached the right of Mrs. Wang's minivan. Defendant Vahldieck told Mrs. Wang to pull over. By then Mrs. Wang was already moving because the light had turned green. Mrs. Wang pulled over at the next corner because there were cars parked and double-parked on the next block. Mrs. Wang removed her wallet from her purse in preparation to give Defendant Vahldieck her license and registration.

16. Upon approaching Mrs. Wang's vehicle, Defendant Vahldieck reached through the driver's side window of Mrs. Wang's minivan, unlocked the door, and forcibly dragged Mrs. Wang out of her minivan. Defendant Vahldieck then placed Mrs. Wang in handcuffs that tightly bound her wrists and then searched her body, touching her inappropriately under her clothing. Defendant Vahldieck then seized Mrs. Wang's wallet and keys to her minivan.

17. After looking through Mrs. Wang's wallet and discovering that she was an attorney, Defendant Vahldieck placed Mrs. Wang in the back of his vehicle for about 30 minutes while talking with other officers that had arrived at the scene. Since Mrs. Wang was just a few buildings away from her office, many people she knew walked by and stared at her handcuffed and sitting in the back of the police car.

18. Only after Defendant Vahldieck brought Mrs. Wang to the 109th police precinct did she know that Defendant Vahldieck arrested her for tinted windows on her minivan.

19. At the precinct, the lieutenant-on-duty at the time, ordered that Mrs. Wang remain under arrest and ordered the search of Mrs. Wang's to fish for more charges to pin on Mrs. Wang.

20. Defendant Vahldieck placed Mrs. Wang into the dirtiest of the four empty cells at the precinct, which was covered with urine and used bathroom tissue.

21. After Mrs. Wang was moved into the corner, cleaner cell by another police officer, Mrs. Wang saw and heard Defendant Fagan take Mrs. Wang's driver's license from Defendant Vahldieck, photocopied Mrs. Wang's driver's license, and placed the photocopy in her own pocket. Defendant Fagan further shouted praises to Defendant Vahldieck for arresting Mrs. Wang. Mrs. Wang had previously witnessed Officer Fagan stop and arrest a Chinese man also on Main St. in Flushing, New York for jaywalking and had volunteered to be that man's attorney.

22. Defendant Vahldieck arrested Mrs. Wang without probable cause. Instead of obtaining Mrs. Wang's license and registration or checking how dark the tints of windows on the minivan were with a tint-meter, Defendant Vahldieck intentionally and maliciously chose to falsely arrest Mrs. Wang for offenses that she did not commit. Mrs. Wang did not obstruct government administration nor refuse to comply with a lawful order of an officer regulating traffic.

23. Following her arrest, Defendant Vahldieck purposefully delayed the processing of the paper work concerning Mrs. Wang's arrest in order to maximize the amount of time that Mrs. Wang would be incarcerated. This resulted in Mrs. Wang being incarcerated for more than 24 hours.

24. Mrs. Wang was charged with the offenses of obstruction of government administration, a violation of New York Penal Law § 195.05, and refusal to comply with any lawful order of any officer regulating traffic, a violation of Vehicle and Traffic Law § 1102. After several court appearances those charges against Mrs. Wang were dismissed.

25. The conduct of the defendant in falsely arresting and falsely imprisoning Mrs. Wang without probable cause and without any lawful or legal justification proximately caused Mrs.

Wang severe emotional distress, mental anguish, physical pain and sufferings, embarrassment, humiliation, degradation and shame.

26. On or about October 2006, Plaintiff filed a Notice of Claim with the NYC Comptroller's Office.

## STATEMENT OF CLAIMS

### FIRST CLAIM
**(Violating of Rights Secured by 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution for False Arrest and Illegal Imprisonment of the Plaintiff)**

27. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 26 as is fully set forth herein.

28. Defendant Vahldieck stopped Plaintiff, searched her person, and seized Plaintiff.

29. Defendant Vahldieck had no warrant or probable cause to stop Plaintiff, search her person, seize or arrest Plaintiff for the charges later alleged against her.

30. Defendant Vahldieck did not give Plaintiff a ticket for tinted windows at the time of the arrest.

31. Defendant Vahldieck did not use a tint-meter at the time of arrest.

32. Tint-meters are usually available on police cars.

33. No reasonable police officer would have undertaken the same actions under the same circumstances.

34. Plaintiff's right to be free from unreasonable search and seizure were violated by Defendant Vahldieck's false arrest and imprisonment.

35. The conduct and actions of Defendant Vahldieck, acting under color of the law, in falsely arresting and illegally imprisoning plaintiff absent probable cause and without verifying

suspicions, was done intentionally, maliciously, and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful jurisdiction, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering, great humiliation, embarrassment, degradation and shame in violating of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth Amendments to the United States Constitution.

36. As a result of the foregoing, plaintiff was deprived of her liberty, sustained painful injuries to the body, was subject to great humiliation, embarrassment, degradation and shame and was otherwise damaged and injured.

## SECOND CLAIM
(Violating of Rights Secured by 42 U.S.C. §1983 and Fourteenth Amendment to the United States Constitution for Assaulting and Detaining the Plaintiff)

37. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 36 as is fully set forth herein.

38. Defendant Vahldieck used excessive force during the arrest.

39. Defendant Vahldieck assaulted Plaintiff as he searched her body.

40. Defendant Vahldieck assaulted Plaintiff by placing Plaintiff in a dirty urine-spilled cell at the 109th Precinct.

41. Defendant Vahldieck selected Plaintiff because he could see that Plaintiff was an Asian female through the window.

42. Defendant Vahldieck selected Plaintiff, stopped her without probable cause, arrested her without cause and treated her differently from others similarly situated because Plaintiff is an Asian female.

43. The conduct and actions of Defendant Vahldieck, acting under color of law, in inflicting excessive force on the plaintiff was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful jurisdiction, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering, great humiliation, embarrassment, degradation and shame in violating of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourteenth Amendments to the United States Constitution.

44. As a result of the foregoing, plaintiff was deprived of her liberty, sustained painful injuries to the body, was subject to great humiliation, embarrassment, degradation and shame and was otherwise damaged and injured.

### THIRD CLAIM
### (Violation of Rights Secured under
### New York State Common Law for False Arrest)

45. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 44 as is fully set forth herein.

46. Defendant Vahldieck acted arbitrarily in the exercise of his police powers by stopping, searching, and arresting Plaintiff.

47. Public interest including public safety was not served by Defendant Vahldieck's stop, search, and arrest of Plaintiff.

48. The conduct and actions of Defendant Vahldieck, acting under color of the law, in arresting plaintiff absent probable cause, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and

serious bodily, mental pain and anguish, humiliation, and embarrassment in violation of plaintiff's constitutional rights as guaranteed under New York state common law.

49. As a result of the foregoing, plaintiff was deprived of her liberty, sustained painful injuries to the body, was subject to great humiliation, embarrassment, degradation and shame and was otherwise damaged and injured.

## FOURTH CLAIM
### (Violation of Rights Secured under New York State Common Law for False Imprisonment)

50. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 49 as is fully set forth herein.

51. Defendant Vahldieck acted arbitrarily and without due cause in the exercise of his police powers by imprisoning Plaintiff for more than 24 hours.

52. Defendant Vahldieck acted arbitrarily and without due cause in failing to issue Plaintiff a Desk Appearance Ticket instead.

53. Defendant Vahldieck acted arbitrarily and without due cause in placing Plaintiff in a dirty cell with a urine-spilled floor.

54. Public interest was not served by Defendant Vahldieck's imprisonment of Plaintiff.

55. The conduct and actions of Defendant Vahldieck, acting under color of the law, in falsely imprisoning the plaintiff absent probable cause, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of her acts, was done without lawful justification or reason, and was designed to and did cause specific and serious bodily, mental pain and anguish, humiliation, and embarrassment in violation of plaintiff's rights as guaranteed under New York State Common Law.

56. As a result of the foregoing, plaintiff was deprived of her liberty, sustained painful

injuries to the body, was subject to great humiliation, embarrassment, degradation and shame and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief against the defendant:

a. Compensatory damages to plaintiff for the physical, emotional, mental and financial injuries caused by defendant in an amount to be determined at trial but at least $500,000;

b. Punitive damages for the plaintiff against the defendant in an amount to be determined at trial;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. A court order, pursuant to 42 U.S.C. § 1988, that the Plaintiff is entitled to the costs involved in maintaining this action and attorney's fees.

e. Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
August 28, 2009

By: _____
Chunyu Jean Wang, Esq.

Wang Law Office, PLLC
Attorneys for Plaintiff
36-25 Main Street, Suite 3A
Flushing, New York 11354
Tel: (718) 353-9264